IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Victoria A. Smitley,                :

     Plaintiff,              :

  v.                                :     Case No. 2:09-cv-0148

Nissan North America, Inc.,         :     JUDGE SARGUS

     Defendant.              :

ORDER

     This case is before the Court to consider two motions filed by defendant Nissan North America, Inc. - a motion to exclude plaintiff's expert witnesses, and a motion for an extension of time to identify its own expert witnesses. According to both motions, the plaintiff, Victoria Smitley, failed to identify her expert witnesses by the deadline for doing so which was established at the initial Rule 16 conference.  For the following reasons, the motion to exclude will be denied, but defendants will be given an opportunity to disclose their own experts.

    The initial rule 16 order established October 1, 2009, as the date for the plaintiff to make a full identification of any expert witnesses as required by Fed.R.Civ.P. 26(a)(2).  Ms. Smitley did not make any disclosures on or before that date. According to Nissan's motion, she did make what were described as incomplete disclosures from her liability expert and her medical witnesses on October 19, 2009.  Nissan's counsel made several written requests for supplementation but, as of the date the motion to exclude was filed (November 9, 2009) had received nothing.  Citing to Rule 37(c), Nissan argues that all of the experts should be precluded from testifying.  In its motion for an extension, Nissan asks that it not be required to identify its

own experts until thirty days after the Court rules on its motion, or after it gets full reports from Ms. Smitley's experts.

Ms. Smitley's response is straightforward. With respect to her medical witnesses, she notes that they are both treating physicians and that the disclosure requirements set out in Rule 26(a)(2) do not apply to them. With respect to the liability expert, Mr. Sargent, her argument appears to be that she has substantially complied with her obligations under Rule 26 and is in the process both of supplementing his report and making him available for deposition. Thus, she argues that Nissan has not been prejudiced by any noncompliance, and that it would be unjust to prevent Mr. Sargent from testifying.

As to the two medical witnesses, Nissan does not dispute that Rule 26(a)(2) does not require treating physicians to provide the type of reports which must accompany the disclosure of witnesses who have been specially retained for purposes of trial. It contends, however, that Ms. Smitley appears to have changed the witness' status from treating doctors to specially retained experts. The evidence it cites in support of that assertion, Exhibits B and C to its motion to exclude, does not support that claim. Those exhibits are simply letters from the doctors stating their opinions based upon the treatment they provided to Ms. Smitley after her accident. Nissan also concedes that it previously deposed these witnesses. Certainly, if they will be expressing additional opinions based on additional treatment provided to Ms. Smitley, Nissan is entitled to redepose them, and to obtain any records they have generated since the last time they testified, but it has not presented any valid argument for excluding their testimony.

The issue of Mr. Sargent's testimony is a closer call. The "no harm, no foul" argument made by Ms. Smitley is inconsistent with the requirement in Fed.R.Civ.P. 16(b) that pretrial

deadlines established in a Rule 16 order can be extended only upon a showing of good cause, and case law holding that an essential element of such a showing is the diligent efforts of the tardy party to have met the deadline. See, e.g., Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). As a mitigating factor, however, it appears that Ms. Smitley did supply the key element of the disclosure - the expert report - in a timely, or almost timely, fashion. Part of Nissan's argument is that she continues to withhold both the balance of the information required by Rule 26 and to refuse to provide dates for his deposition, but her memorandum denies that. The record is not helpful either way on this point, although the docket does not reflect that Nissan has noticed Mr. Sargent's deposition. Nevertheless, there is still time to accomplish this discovery within the existing discovery period, and enough time between now and the trial for Nissan to identify a counter-expert. Ms. Smitley has said she does not oppose an extension for Nissan to do so.

For all of these reasons, the Court denies Nissan's motion (#10) to exclude. This denial is conditioned, however, on the following. First, if Ms. Smitley has not completed its disclosures with respect to Mr. Sargent, it shall do so within fifteen days. Second, within that same fifteen-day period, the parties shall agree on a date for Mr. Sargent's deposition. Nissan's motion to extend (#11) is granted. It shall identify any experts within forty-five days of this order. To the extent that discovery from Nissan's expert (or discovery from Mr. Sargent) must take place after the current discovery cutoff date, that date is hereby extended for purposes of this discovery only. If Ms. Smitley does not comply fully with this order, the Court will reconsider whether Mr. Sargent's testimony should be excluded.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge